# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Beattie B. Ashmore, in his capacity as court-appointed receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc., ) ) ) ) | Civil Action No. 8:14-cv-04279-JMC |
| Plaintiff, ) ) | |
| v. ) ) | **ORDER AND OPINION** |
| George Kanavas, ) ) ) | |
| Defendant. ) ) | |

Plaintiff Beattie B. Ashmore ("Plaintiff"), in his capacity as court-appointed receiver for Ronnie Gene Wilson ("Wilson") and Atlantic Bullion & Coin, Inc. ("AB&C"), filed this action against Defendant George Kanavas ("Defendant") seeking to recover grossly excessive payments received by Defendant as a return on his investment in the Wilson-AB&C Ponzi scheme.[1] (ECF No. 1.)

This matter is before the court on Plaintiff's Motion to Compel Responses to Plaintiff's First Set of Interrogatories and First Set of Requests to Produce seeking full and complete responses from Defendant to the aforementioned discovery requests. (ECF No. 31.) Defendant opposes Plaintiff's Motion to Compel. (ECF No. 38.) For the reasons set forth below, the court **GRANTS** Plaintiff's Motion to Compel.

---

[1] "A Ponzi scheme is a fraudulent investment program in which funds are paid in by investors and later investors['] funds are used to pay out nonexistent phantom profits to the original investors, thus creating the illusion that the fraudulent investment program is a successful, profit generating enterprise which, in turn attracts new investment funds that are used to sustain the fraudulent program." United States v. Wilson, Cr. No. 8:12-cr-00320-JMC, ECF No. 1-1 at 2 ¶ 6 (D.S.C. Apr. 4, 2012). In Wilson, the United States alleged that Wilson, through AB&C, "orchestrated a Ponzi scheme whereby he led investors to believe that he was investing their money in silver, when, in fact, Wilson was not buying silver but using the money for his personal gain . . . [and] [t]o keep the Ponzi scheme going, Wilson also made payments to earlier investors to whom Wilson made representations that their investments were earning high rates of return–sometimes in excess of 200 percent. Id. at ECF No. 17 at 1.

## I.     RELEVANT BACKGROUND TO PENDING MOTION

Plaintiff is the court appointed Receiver in In Re: Receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc., C/A No. 8:12-cv-02078-JMC, ECF No. 1 (D.S.C. July 25, 2012), a case related to the instant matter.  Plaintiff alleges that "[o]n April 6, 2004, Defendant made an initial 'investment' [in the Wilson-AB&C Ponzi scheme] of $63,010.00."  (ECF No. 1 at 4 ¶ 24.)  "Subsequently, Defendant made twelve additional 'investments' totaling $670,630.00 between August 30, 2004 and March 31, 2009."  (Id. at ¶ 25.)  Plaintiff further alleges that "Defendant received $1,369,017.00 in returns [from the Wilson-AB&C Ponzi scheme] between December 2006 and February 2012, representing a profit of $635,377.00."  (Id. at ¶ 26.)

Based on his appointment as Receiver tasked with "locating, managing, recouping, and distributing the assets of the Wilson-AB&C investment scheme," Plaintiff commenced the instant action against Defendant on November 3, 2014, asserting claims for fraudulent transfer (in violation of the Statute of Elizabeth, S.C. Code Ann. § 27-23-10 (2014), or the Wisconsin Uniform Fraudulent Transfer Act, Wis. Stat. § 242.01–242.11) and unjust enrichment.  (ECF No. 1 at 1 ¶ 1 & 6 ¶ 38–8 ¶ 52.)  On December 6, 2014, Defendant filed his Answer pro se denying the relevant allegations of the Complaint.  (ECF No. 6.)

On March 11, 2015, Plaintiff served his First Set of Interrogatories and First Set of Requests to Produce on Defendant.  (ECF No. 31-1.)  "On May 1, 2015, Defendant submitted an unsigned document with responses to interrogatories and requests to produce."  (ECF No. 31 at 1 (referencing ECF No. 31-2).)  After reviewing Defendant's discovery responses, "Plaintiff sent Defendant a deficiency letter" on May 4, 2015, asking "Defendant to fully respond to the interrogatories and requests to produce."  (Id.)  Defendant did not submit any additional responses to Plaintiff's First Set of Interrogatories and First Set of Requests to Produce.  (Id. at

1–2.)

As a result, Plaintiff filed the instant Motion to Compel on May 22, 2015. (Id.) Defendant filed a Response in Opposition to Plaintiff's Motion to Compel on June 30, 2015, requesting that the court deny the Motion to Compel as to First Set of Interrogatories Nos. 7–10 and First Set of Requests to Produce Nos. 6–8, because this discovery seeks information pertinent to Defendant's assets "in no way relevant to any claim or defense in this case." (ECF No. 38 at 3.) On July 10, 2015, Plaintiff filed a Reply to Response to Motion to Compel asserting that "[a]ll of the requested documents and information sought from Defendant are highly relevant and necessary for Plaintiff to evaluate all of the facts in this case, and not sought for the purpose of judgment collection." (ECF No. 39 at 1.)

## II.     LEGAL STANDARD

A.     Discovery Generally

Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. "For purposes of discovery, then, information is relevant, and thus discoverable, if it 'bears on, or . . . reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.'" Amick v. Ohio Power Co., No. 2:13-cv-06593, 2014 WL 468891, at *1 (S.D. W. Va. Feb. 5, 2014) (citing Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 199 (N.D. W. Va. 2000)). "Although 'the pleadings are the starting point from which relevancy and discovery are determined . . .

3

[r]elevancy is not limited by the exact issues identified in the pleadings, the merits of the case, or the admissibility of discovered information.'" Id. (citing Kidwiler, 192 F.R.D. at 199). "Rather, the general subject matter of the litigation governs the scope of relevant information for discovery purposes." Id. "Therefore, courts broadly construe relevancy in the context of discovery." Id.

The scope of discovery permitted by Fed. R. Civ. P. 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc., 967 F.2d 980, 983 (4th Cir. 1992) ("the discovery rules are given 'a broad and liberal treatment'") (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). That said, discovery is not limitless and the court has the discretion to protect a party from "oppression" or "undue burden or expense." Fed. R. Civ. P. 26(c).

B.    Motions to Compel

"If a party fails to make a disclosure" required by Fed. R. Civ. P. 26, "any other party may move to compel disclosure and for appropriate sanction" after it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Broad discretion is afforded a district court's decision to grant or deny a motion to compel. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (Internal citation omitted); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir.

4

1988); LaRouche v. Nat'l Broad. Co., 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court.").

### III.   ANALYSIS

Plaintiff seeks to compel to complete answers to the First Set of Interrogatories and responses to the First Set of Requests to Produce. (ECF No. 31 at 1.) Defendant specifically objects to answering/responding to the following discovery requests seeking disclosure of his assets:

> **Interrogatory No. 7:** Identify for the past five (5) years, and with specificity, all assets (owned, in whole or in part by Defendant), including, but not limited to, real property, personal property, bank and other financial accounts, investment accounts, automobiles, life insurance policies, stocks and bonds, offshore assets, and annuities.
>
> ANSWER: This interrogatory is objected to as overbroad, unduly burdensome and not reasonably calculated to lead to the disclosure of discoverable information. It looks more like a judgment collection tactic and is also objected to as violating Mr. Kanavas' due process rights. Mr. Kanavas will be seeking a Protective Order as to this request as soon as he retains local counsel.
>
> **Interrogatory No. 8:** For each asset, state with particularity if any amount of money is owed or lien outstanding, and the name of the credit holder (e.g. bank, mortgage lender) for each asset.
>
> ANSWER: This interrogatory is objected to as overbroad, unduly burdensome and not reasonably calculated to lead to the disclosure of discoverable information. It looks more like a judgment collection tactic and is also objected to as violating Mr. Kanavas' due process rights. Mr. Kanavas will be seeking a Protective Order as to this request as soon as he retains local counsel.
>
> **Interrogatory No. 9:** Identify any and all assets owned or acquired within the last five (5) years with money received from Ronnie Gene Wilson ("Wilson") and/or Atlantic Bullion & Coin ("AB&C") whether by payout or otherwise, including any asset that was purchased outright with Wilson/AB&C funds or the value of which was enhanced or equity increased by Wilson / AB&C funds.
>
> ANSWER: NONE.

**Interrogatory No. 10:** Identify for the past five (5) years, and with specificity, all investments, including, but not limited to, 401(K) plans, pension plans, and foreign investments, including the current balance for each plan or account.

ANSWER: This interrogatory is objected to as overbroad, unduly burdensome and not reasonably calculated to lead to the disclosure of discoverable information. It looks more like a judgment collection tactic and is also objected to as violating Mr. Kanavas' due process rights. Mr. Kanavas will be seeking a Protective Order as to this request as soon as he retains local counsel.

(ECF No. 31-2 at 3–4.)

**Request for Production No. 6:** Copies of any and all documents related to any and all assets in your name or control for the past five years, including, but not limited to, documents that demonstrate ownership of real property, liens to real property, ownership of personal property, copies of stock certificates, and copies of bank statements.

RESPONSE: This request is objected to as overbroad, unduly burdensome and not reasonably calculated to lead to the disclosure of discoverable information. It looks more like a judgment collection tactic and is also objected to as violating Mr. Kanavas' due process rights. Mr. Kanavas will be seeking a Protective Order as to this request as soon as he retains local counsel.

**Request for Production No. 7:** Copies of any and all documents that demonstrate the transfer of assets from you to another person or entity within the last five years.

RESPONSE: This interrogatory [sic] is objected to as overbroad, unduly burdensome and not reasonably calculated to lead to the disclosure of discoverable information. It looks more like a judgment collection tactic and is also objected to as violating Mr. Kanavas' due process rights. Mr. Kanavas will be seeking a Protective Order as to this request as soon as he retains local counsel.

**Request for Production No. 8:** Copies of your federal and state tax returns, and supporting documentation, filed with the United States Internal Revenue Service and/or the South Carolina Department of Revenue for the years 2010 until the present.

RESPONSE: This interrogatory [sic] is objected to as overbroad, unduly burdensome and not reasonably calculated to lead to the disclosure of discoverable information. It looks more like a judgment collection tactic and is also objected to as violating Mr. Kanavas' due process rights. Mr. Kanavas will be seeking a Protective Order as to this request as soon as he retains local counsel. Subject to the Objection and reserving the right to pursue a Protective Order: Mr. Kanavas is in the process of collecting this information, but affirmatively states he

> has not field [sic] any tax returns with the South Carolina Department of Revenue for the period referenced in the request.

(Id. at 7–8.)

The court observes that Plaintiff as the Receiver in In Re: Receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc. has been empowered to institute legal proceedings "against those individuals, corporations, agencies, partnerships, associations and/or unincorporated organizations, that the Receiver may claim to have wrongfully, illegally or otherwise improperly be in the possession of or misappropriated/transferred monies or other proceeds directly or indirectly traceable from investors in the Ponzi scheme . . . ." C/A No. 8:12-cv-02078-JMC, ECF No. 43 at 3 ¶ 2. Here, in order to determine whether Defendant is in possession of monies or proceeds traceable to the Wilson-AB&C Ponzi scheme, evidence regarding Defendant's earnings and/or assets during the period of time at issue may be relevant in establishing possession of such monies or proceeds, or could reasonably lead to relevant admissible evidence. As a result, the court overrules Defendant's objections to First Set of Interrogatories Nos. 7–10 and First Set of Requests to Produce Nos. 6–8.[2]

## IV.     CONCLUSION

For the reasons set forth above, the court hereby **GRANTS** Plaintiff Beattie B. Ashmore's Motion to Compel. (ECF No. 31.) Defendant shall sign documentation submitted as required by the Federal Rules of Civil Procedure, provide appropriate answers to the First Set of

---

[2]The court observes that Defendant's privacy concerns regarding the disclosure of personal financial information, especially his tax returns (see ECF No. 38 at 4 n.2), may presumably be addressed by reaching an agreement with Plaintiff regarding the terms of an appropriate confidentiality order. In this regard, the court agrees with Plaintiff (see ECF No. 39 at 2) that generally, tax returns are not privileged. See St. Regis Paper Co. v. United States, 368 U.S. 208, 219 (1961) (noting tax returns "in the hands of the taxpayer are [ ] subject to discovery."); Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. 535, 539 (D. Kan. 2006) ("Although, as a general rule, courts do not favor compelling production of tax returns, no absolute privilege exists preventing their discovery.").

7

Interrogatories Nos. 7–10, and produce documents in his possession responsive to the First Set of Requests to Produce Nos. 6–8.  Defendant must comply with this Order on or before November 4, 2015.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 21, 2015
Columbia, South Carolina